UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| CHASE CALDWELL, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:15-CV-143 JD |
| | ) |
| DIANNA HARRIS, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

In this action, Plaintiff Chase Caldwell has sued Dianna Harris, a nurse, for administering an injection against his will. Mr. Caldwell has also filed a petition for leave to proceed *in forma pauperis* [DE 2], and later filed several motions for leave to amend his complaint. [DE 3, 5, 6]. While Mr. Caldwell meets the financial requirements to proceed without prepaying the filing fee, the Court also has an obligation under 28 U.S.C. § 1915(e)(2) to dismiss a complaint if the Court determines that it "fails to state a claim on which relief may be granted." Under federal pleading standards:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and internal citations omitted). When a complaint is confusing or lacking in necessary detail, the district court is "within its rights" to dismiss the complaint with leave to replead. *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006).

Mr. Caldwell's complaint alleges that on March 3, 2014, he was administered an injection of Haldol against his will, apparently by Nurse Harris. In his first motion to amend, Mr.

Caldwell further states that Nurse Harris injected him with Haldol on March 3 and 7, 2014, and that this violated his Fourteenth Amendment right to liberty and his right to refuse treatment under 42 C.F.R. § 483.10(b)(4). In a subsequent motion for leave to amend his complaint, Mr. Caldwell also alleges that Nurse Harris committed battery against him by injecting him without his consent.

However, Mr. Caldwell's pleadings do not adequately state any claim that can be brought in federal court instead of state court. Mr. Caldwell filled out his complaint on a form for claims under 42 U.S.C. § 1983. That section provides a cause of action for violations of federal rights by persons acting under color of state law. But there is no indication that Nurse Harris was employed by the State of Indiana, or that she was otherwise acting under color of state law. So far as is apparent from the complaint, Nurse Harris was a private nurse at a private facility at which Mr. Caldwell was a patient. Mr. Caldwell also cites to 42 C.F.R. § 483.10, which states that a resident of a nursing facility has the right to refuse treatment. However, that provision "merely set[s] forth the requirements that a facility must meet in order to qualify to participate in Medicare and Medicaid; [it does] not confer a private cause of action." *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 293 (3d Cir. 2010). Therefore, this regulation does not provide a basis on which to maintain this suit in federal court, either, so Mr. Caldwell has not stated any federal claims. Finally, Mr. Caldwell alleges that Nurse Harris committed battery against him. However, that claim is based solely on state law, and without a related federal claim in this case or some other jurisdictional basis, that claim should be filed in a state court instead.

For these reasons, the court:

(1) STRIKES the complaint [DE 1] and the motions for leave to amend [DE 3, 5, 6];

(2) TAKES the *in forma pauperis* petition [DE 2] under advisement;

(3) GRANTS the Plaintiff to and including June 29, 2015, to file an amended complaint; and

(4) CAUTIONS the Plaintiff that if he does not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED.

ENTERED: June 8, 2015

                                       /s/ JON E. DEGUILIO
                                       Judge
                                       United States District Court